ACCEPTED
15-24-00014-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/21/2025 2:18 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00014-CV

_____

IN THE FIFTEENTH COURT OF APPEALS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/21/2025 2:18:07 PM
CHRISTOPHER A. PRINE
Clerk

_____

RICHARD A. HYDE, P.E., IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; AND THE TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,

Appellants,

V.

HARRISON COUNTY, TEXAS,

Appellee.

_____

On Appeal from the 353rd District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-17-002026

_____

### APPELLEE'S MOTION FOR REHEARING

_____

Appellee, Harrison County, Texas, a political subdivision of the State, submits this motion for rehearing in response to the opinion issued by the Court on March 20, 2025, and requests that the Court consider the following issue:

### ISSUE PRESENTED FOR REVIEW

Issue 1:    The court of appeals erred in finding that there is substantial evidence to support the TCEQ finding that Harrison County had not conducted the line-leak-detector and piping-tightness tests.

## ARGUMENT

The opinion of the court of appeals correctly states the statutory standard for substantial evidence review of an agency decision under the Administrative Procedure Act. The agency decision must be reversed or remanded if it is "not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole." Tex. Gov't Code Ann. § 2001.174. Unfortunately, the opinion then fails to apply this standard to the record and decision by the TCEQ in this case. The record in this case reveals that there was no substantial evidence submitted by the TCEQ concerning the performance of the tests in question. Lacking any evidence of failure to conduct the tests, the opinion of the court allows the agency to avoid this statutory requirement and "boot strap" testimony concerning a failure to produce records to erroneously support a legal conclusion that no tests were conducted and a violation occurred. This improper analysis negates the statutory requirements of the APA and allows the agency to achieve an arbitrary and capricious result. An agency acts arbitrarily if it makes a decision by relying on fact findings that are not supported by any evidence. *Poindexter v. Brown*, 665 S.W. 3d 842 at 860 (App. 14th Dist. 2023, review denied).

The opinion relies upon the holding in *Dyer v. Texas Comm'n on Envt'l Quality* in support of its conclusion that it "may not substitute its judgment for the judgment of the state agency on the weight of the evidence" in assessing whether the

agency's decision is "reasonably supported by substantial evidence. Opinion at 5-6 (citing *Dyer v. Texas Comm'n on Envt'l Quality*, 646 S.W.3d 498, 514 (Tex. 2022)). However, this is not a case concerning the weight of the evidence. This is a case of no evidence. The testimony of the contract investigator was solely limited to the failure of the County to produce written records of the tests, not whether the tests were performed. In the absence of any evidence in the record on whether the tests were conducted, the opinion of the court relies upon the failure of the County to present its own evidence on the conduct of the tests. With no evidence in the record concerning the administration of the tests, the decision of the court rests upon the failure to the County to disprove the allegation: "Notably, the County does not contend, and the record does not reveal, that it presented any evidence suggesting that it conducted the testing during the twelve months preceding June 18, 2015, but the testing records have been lost or misplaced." Opinion at pp. 7-8. This "burden-shifting" is improper in an administrative penalty case. In the absence of any direct evidence concerning the tests, the agency cannot base its decision on the failure of the County to disprove the alleged violation. The conclusory opinion testimony of the contract investigator was based solely upon his speculation that the absence of the records was evidence of failure to conduct the tests. Such speculative testimony is not relevant evidence. Testimony based upon a subjective opinion will not support a conclusion. *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 3d 150, 156 (Tex. 2012).

A judgment upholding this agency decision based upon the record in this case will fail to apply the substantial evidence requirements of the APA and will empower agencies to impose penalties on the sole basis of a speculative, conclusory opinion unsupported by any evidence.

## PRAYER

For the reasons stated in this motion, Appellee Harrison County requests that the Court grant this motion for rehearing and affirm the trial court's judgment voiding the TCEQ order assessing monetary penalties against Harrison County.

Respectfully submitted,

*/s/ James P. Allison*
James P. Allison
SBN: 01090000
j.allison@allison-bass.com
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
**ALLISON, BASS & MAGEE, LLP**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

**CERTIFICATE OF SERVICE**

I certify that a copy of Appellee's Motion for Rehearing was served on Appellant electronically on this 21st day of April, 2025 to the following:

Jake Marx
Assistant Attorney General
Jake.Marx@oag.texas.gov
Shelby Thompson
Assistant Attorney General
Shelby.Thompson@oag.texas.gov
Office of the Attorney General
Environmental Protection Division
P.O. Box 12548, MC 066
Austin, Texas 78711-2548

Ron Beal
Professor Emeritus of Law
2530 Wooddale Circle
Waco, TX 76710
ron_beal@baylor.edu

/s/ James P. Allison
James P. Allison

**CERTIFICATION OF COMPLIANCE**

I certify that this motion is in compliance with Rule 9.4(i)(2)(D) and is less than four-thousand and five-hundred (4,500) words. This computer-generated document contains approximately 681 words.

/s/ James P. Allison
James P. Allison

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Legal Secretary on behalf of James Allison
Bar No. 1090000
allison.bass@allison-bass.com
Envelope ID: 99889083
Filing Code Description: Motion for Rehearing
Filing Description: Appellee's Motion for Rehearing
Status as of 4/21/2025 2:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James P. Allison | | j.allison@allison-bass.com | 4/21/2025 2:18:07 PM | SENT |
| Legal Secretary | | allison.bass@allison-bass.com | 4/21/2025 2:18:07 PM | SENT |
| irene tong | | irene.tong@oag.texas.gov | 4/21/2025 2:18:07 PM | SENT |
| Julia McVey | | j.mcvey@allison-bass.com | 4/21/2025 2:18:07 PM | SENT |
| Jake Marx | | jake.marx@oag.texas.gov | 4/21/2025 2:18:07 PM | SENT |
| Susana Naranjo-Padron | | s.naranjo-padron@allison-bass.com | 4/21/2025 2:18:07 PM | SENT |
| Shelby Thompson | | shelby.thompson@oag.texas.gov | 4/21/2025 2:18:07 PM | SENT |
| James ScottMcCarley | | scott.mccarley@oag.texas.gov | 4/21/2025 2:18:07 PM | SENT |
| Ron Beal | | ron_beal@baylor.edu | 4/21/2025 2:18:07 PM | SENT |